## CHILDS v. FRANKLIN.

1. Where a party recovered several judgments and took the defendant's note for the aggregate amount, with the understanding that satisfaction should immediately thereafter be entered, it is no defence to an action on the note that satisfaction of the judgments had neither been entered by the defendant, nor ordered to be entered by the clerk upon the record—it not appearing that any injury had resulted to the defendant from the failure of the plaintiff to perform his undertaking; and it being competent for the court in which the judgments were rendered, to cause satisfaction to be entered upon the motion of either party.

Writ of Error to the Circuit Court of Randolph.

THIS was an action of assumpsit, at the suit of the defendant in error, as the endorsee of a promissory note, by which the plaintiff, on the 7th April, 1843, promised to pay to Davis E. Gresham, $632 50, on the first day of December thereafter. The cause was tried by a jury, who returned a verdict in favor of the plaintiff below, and a judgment was rendered accordingly.

From a bill of exceptions sealed at the trial, it appears that previous to the making of the note declared on, the payee had recovered four judgments, which were then unsatisfied. In the payment of these judgments, this note was made, together with a deed of trust of certain property, to secure its payment ; the property had been sold, and the proceeds, amounting to about five hundred dollars, had been credited on the note.

Proof was adduced, tending to show that it was the understanding of the parties when the note was made, that the judgments should be entered satisfied immediately " *afterwards* ;" but it was proved that they were not only not entered satisfied, upon the record, but no instructions had ever been given to the clerk to enter satisfaction. No executions, however, had been sued out.

It was insisted that the facts established a failure of consideration, and furnished a bar to the action. The court charged the jury, that there was no evidence before them of fraud ; if they were convinced that the note was given upon the *condition* that it should not be binding until the judgments were entered satisfied, then they ought to find for the defendant ; but if the note and deed of trust were given " *without conditions* at the time," and were executed simultaneously, in order to obtain indulgence in paying the judgments, and such indulgence had been obtained as promised, then a failure of the payee to enter satisfaction of the judgment was no defence to this action ; unless the defendant had been injured by the neglect. A mere probable injury to occur, in future, by suing out executions, was not sufficient, unless the satisfaction of the judgments had been made a condition precedent—that it was competent for the defendant at any time, to move, that satisfactions of the judgment be entered.

S. F. RICE, for the plaintiff in error, insisted that the testimony showed a case of failure of consideration *in toto*, but if it did not, it was sufficient to reduce the damages. 8 Cow. Rep. 31. The failure of the payee of the note to cause satisfaction of the judgments to be entered, even authorised a

Childs v. Franklin.

rescission of the contract. Chit. on Con. 137, 275, 276, 277; 2 Wend. Rep. 431; 7 Ala. Rep. 798.

F. W. Bowdon, for the defendant. The defendant is not injured by failure of the payee of the note to have satisfaction of the judgments stated on the record; for this will at any time be done on his motion. 4 Ala. Rep. 572; 7 Id. 469. It was not a condition precedent that Gresham should have had the entry made; the contract of the parties contains mutual stipulations, imposing independent duties and liabilities, and does not devolve upon the payee of the note, the performance of a precedent condition, as supposed by the counsel for the plaintiff in error. 1 H. Bla. Rep. 273; 6 T. Rep. 570; 4 Bing. Rep. 409; 2 Step. N. P. 1071–2. Satisfaction of the judgment, as the proof shows, was not to be entered until the note was made, and it is difficult to perceive how a possible injury hereafter to occur, can authorize a reduction of the damages.

COLLIER, C. J.—There is nothing stated in the bill of exceptions to warrant the inference that the payee of the note has acted in bad faith. It should rather be intended that the failure to cause satisfaction of his judgments to be noted upon the record, is the mere consequence of inattention or neglect.

The material inquiry then, is, do the facts establish a failure of consideration? We think, giving to the evidence the most probable interpretation for the defendant, of which it is susceptible, and the entry of satisfaction cannot be regarded as a *condition precedent* to his promise, as evidenced by the note, or of his liability to pay. That was an act to be performed *post factum*, and its non-performance can furnish no defence to the action, unless some injury or loss resulted as a consequence to the defendant. It is not pretended that the payee of the note has ever caused executions to issue on the judgments, or has used them to the prejudice of the defendant, or in such a manner as to indicate that he has asserted their continuing vitality.

It will be competent for the defendant, at any time, to

11

move the court to cause satisfaction of the judgments to be entered, without waiting for executions to be issued. The court in which a judgment is rendered, when its payment is shown, may declare the fact upon the record, and order that no execution issue thereon ; or if an execution has issued, may effectually supersede it.

If the judgment should be used to the injury of the defendant, he may arrest proceedings thereon, and reimburse himself for all damages sustained by action at law. But if an action were commenced, unless the defendant was prejudiced by the failure to enter satisfaction of the judgments, the recovery would only be nominal, and it cannot, when set up as a defence to the notes, avail, either to bar the action, or diminish the damages.

It follows as a consequence, that the judgment of the Circuit Court is affirmed.