Kenneth Leroy **ROBERTS**, Appellant,

v.

Clara Mae **ROBERTS**, Respondent.

No. KCD 27030.

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1974.

Louis Wagner, Kansas City, for appellant.

Popham, Popham, Conway, Sweeny & Fremont, Kansas City, for respondent, Lonnie J. Shalton, Kansas City, of counsel.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM:

Appellant, Kenneth Leroy Roberts, appeals from that portion of a divorce decree entered August 13, 1973, awarding Clara Mae Roberts monthly alimony of $125.00.

■ Appellant alleges two points of error on appeal: First, that the court erred in the allowance of alimony by failing to follow acceptable guidelines for the determination of a reasonable sum; and second, that it is the duty of this court to render such judgment as the law and evidence warrant. As appellant's second point presents nothing for appellate review, but rather constitutes an abstract statement of law, it will be disregarded, leaving for determination appellant's initial point of error. Rule 84.04(d), V.A.M.R.

■ From the record on appeal, the following is clear: That the appellant and his counsel were present at all stages of the proceeding; that they allowed said proceeding to proceed as a default; that they were present and had an opportunity to hear the respondent's recitation of the agreement as reached between the parties; and that at the conclusion of her testimony, appellant withdrew his petition allowing the respondent to take her divorce by means of her cross-petition. This being so, the plaintiff-appellant has acquiesced in the judgment of the trial court, and may not be heard to complain on appeal of that to which he has given his implied consent. Foger v. Johnson, 362 S.W.2d 763 (Mo. App.1962); State ex rel. Fletcher v. New Amsterdam Cas. Co., 430 S.W.2d 642 (Mo.App.1968); Stanford v. Utley, 341 F. 2d 265 (8th Cir. 1965).

The appeal is dismissed.