In re the MARRIAGE OF Baltazara L.
SIMPELO, Respondent,

and

Rustico V. Simpelo, Appellant.

No. KCD 27601.

Missouri Court of Appeals,
Kansas City District.

Oct. 12, 1976.

Walter A. Raymond, Kenneth C. West, Paul R. Shy, Kansas City, for appellant.

C. David Whipple, William O'Neill Eisler, Ronald L. Kraft, Kansas City, for respondent.

SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

The husband has appealed from a decree entered in a dissolution of marriage proceeding. Two of the six points asserted by him on appeal haunt virtually every appeal reaching this court in dissolution of marriage proceedings—excessiveness or inadequacy, as the case may be, respecting divisions of marital property, and excessiveness or inadequacy, as the case may be, respecting amounts awarded for child support.

One of the points asserted by the husband will be set forth verbatim, other points will be amalgamated and paraphrased in part as one point, and the remaining points will be separately paraphrased. A ratiocinative approach to disposition of the various points, except for the first point, suggests that they not be addressed in numerical order.

The husband's first point reads as follows: "This court-tried case is to be tried de novo on this appeal. (Rule 73.01, Missouri Rules of Civil Procedure.)" It is an abstract statement of law and preserves nothing for appellate review. Rule 84.-04(d); and *Roberts v. Roberts,* 515 S.W.2d 805, 806 (Mo.App.1974). Literally read, it is also an erroneous statement of law in view of the recent construction given Rule 73.01 in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976): "[A]ppellate 'review * * as in suits of an equitable nature,' as found in Rule 73.01, is construed to mean that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong. The use of the words *de novo* and *clearly erroneous* is no longer appropriate in appellate review of cases under Rule 73.01."

The husband appears to contend, after amalgamating two of the points raised by him, and paraphrasing them in part, that paragraph 9 of the decree was nothing more than compensation to the wife for "past domestic services" foreign to and beyond the purview of Section 452.330, RSMo Supp.1973, thereby stamping the "decree" with all the attributes of an "ex post facto law" in violation of Article I, Section 13, Constitution of Missouri, because it deprived him of his vested right to the "domestic services" of his wife during marriage. Paragraph 9 of the decree reads as follows:

"The Respondent [husband] shall pay to the Petitioner [wife] the sum of Thirty-five Thousand ($35,000.00) Dollars for her interest in the medical practice and contribution to the marriage. Said amount

shall be paid Seven Thousand ($7,000.00) Dollars per year for a period of five years. First payment due January 1, 1975, and on the 1st day of January of each year thereafter."

Certain explanatory facts are called for at this time. The husband and wife were both licensed to practice medicine in the State of Missouri on an unspecified date in 1971. Trial of this dissolution of marriage proceeding occurred on September 18, 1974. Between 1971 and September 18, 1974, the husband regularly practiced his chosen profession. During the same period the wife practiced her chosen profession to the extent compatible with her duties of rearing four minor children born of the marriage. For a period of time prior to their separation, the husband and wife were jointly engaged in the practice of medicine.

■ In order to breath life into the amalgamated point, the husband summarily assumes that paragraph 9 of the decree can only be construed as tantamount to recompensing the wife for "domestic services" rendered to the husband during the marriage. After taking this arbitrary stance, he makes a bifurcated assault on paragraph 9 of the decree. On one hand, he contends that it bears no relationship to the division of marital property within the contemplation of Section 452.330, supra, and, on the other hand, he contends that it represents compensation to the wife for "past domestic services" and, as such, constitutes an "ex post facto law" in violation of Article I, Section 13, of the Constitution of Missouri. Even though certain language found in paragraph 9 may, at first blush, appear to be imprecise, and perhaps subject to being semantically criticized, this court is unconvinced that paragraph 9 of the decree is inexorably doomed to the arbitrary construction placed upon it by the husband. The strained and tortuous construction unilaterally given to it by the husband is rejected. Reasonably construed in the context of the record as a whole, and, particularly, the remaining portions of the decree, this court believes that it related to and represented part of the overall division of

marital property. Any other construction would subvert the intent of the trial court as revealed by the decree in its entirety. So construed, it was obviously predicated upon subparagraph (1) of paragraph 1 of Section 452.330, supra, "[t]he contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker", a statutorily prescribed "relevant factor" for consideration in arriving at a "just" division of marital property.

■ The remaining aspect of the husband's bifurcated point is likewise untenable. Proceeding on the same arbitrary assumption, i.e., that paragraph 9 of the decree is subject only to the construction that he gives it, he contends that it constitutes an "ex post facto law" in violation of Article I, Section 13, Constitution of Missouri, because it requires him to compensate his wife for "domestic services" during the marriage to which he was inalienably entitled. This argument has a hollow ring because, if for no other reason, paragraph 9 of the decree is not subject to the arbitrary construction placed upon it by the husband. Moreover, assuming, arguendo, that paragraph 9 is subject to the argumentatively unyielding construction advanced by the husband, this aspect of his bifurcated point is nevertheless fallible for a multiplicity of peripheral reasons. The constitutional proscriptions contained in Article I, Section 13, Constitution of Missouri, apply to legislative enactments rather than to judicial decrees and judgments. *Hilgert v. Barber Asphalt Pav. Co.,* 173 Mo. 319, 72 S.W. 1070, 1072 (1903); and *State ex rel. Clark v. Shain,* 343 Mo. 66, 119 S.W.2d 971, 972–73 (banc 1938). It should be noted that the husband attacks the constitutionality of the "decree", not the constitutionality of Section 452.330, supra. "Ex post facto" laws constitutionally proscribed by Article I, Section 13, Constitution of Missouri, refers to laws which are criminal in nature as opposed to those which are civil in nature. *State ex rel. Jones v. Nolte,* 350 Mo. 271, 165 S.W.2d 632, 638 (banc 1942); and *State ex rel. Sweezer v. Green,* 360 Mo. 1249, 232

S.W.2d 897, 900 (banc 1950). In conclusion, the husband's attack on the constitutionality of the decree, emerging as it did for the first time on appeal, is relegated to judicial oblivion because it was not timely raised. *Nixon v. Nixon*, 525 S.W.2d 835, 838 (Mo. App.1975); and *Oliver v. City of Higginsville*, 527 S.W.2d 690, 694–95 (Mo.App.1975).

Even if the husband's constitutional attack is viewed as (1) directed against Section 452.330, supra, rather than the decree itself, and (2) on the basis of being retrospective in its operation as opposed to constituting an "ex post facto law", and (3) was otherwise timely raised, the husband, so far as his appeal in this case is concerned, appears to concede that the construction placed upon paragraph 9 of the decree by this court relieves it of any constitutional infirmity. This conclusion is gleaned from the following statement contained in the husband's brief: "There is nother in this section [Section 452.330, RSMo Supp.1973] which gives indication it was to have application to other than the marital property accumulated during the marriage and its proper division between the husband and wife. Applied in its clear and unambiguous language this statute would be Constitutional and legal." This court does not purport to pass judgment upon the constitutional correctness of this statement because it is unnecessary to do so in the context of this appeal.

■ The husband appears to alternatively contend, should paragraph 9 of the decree be construed as effecting a division of the marital property, that the overall share set over to the wife was excessive and unsupported by the evidence, and evidenced an abuse of discretion on the part of the trial court. In fairness to both the husband and wife, neither presented evidence during the trial facilitating a clear and easily discernible picture of the nature and value of the marital property involved. The trial court, as has this court, had to sift through an array of evidence, presented in most instances in a piecemeal and imprecise fashion, in order to determine the marital property involved, its reasonable value, and a just division thereof. Using the "relevant factors" spelled out in subparagraphs (1), (2), (3), and (4) of paragraph 1 of Section 452.330, supra, as a template for measuring the evidence, this court concludes that the trial court effected a "just" division of the marital property. Reciting the supportive evidence in detail would have no precedential value. It is sufficient however to free the trial court from the husband's charge that it abused its discretion in arriving at the amounts awarded the respective spouses in the division of the marital property. As stated in *Conrad v. Bowers*, 533 S.W.2d 614, 623 (Mo.App.1975), "[t]he division of property between the husband and wife upon dissolution is a subject peculiarly within the discretion of the trial court, and its decision will not be overturned except for an abuse of discretion." See also *In Re Marriage of Powers*, 527 S.W.2d 949, 951 (Mo.App.1975).

■ Four children were born of the marriage. At the time of trial the children were, respectively, 10, 6, 5, and 4 years old. The trial court awarded the wife custody of the four minor children and $1,500.00 per month for their support. The husband impugns the amount awarded as being "so grossly excessive as to constitute an abuse of discretion". Section 452.340, RSMo Supp.1973, sets out the factors to be considered when determining the amount of child support to be awarded:

> "In a proceeding for . . . dissolution of marriage . . . the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
>
> (1) The father's primary responsibility for support of his child;
>
> (2) The financial resources of the child;
>
> (3) The financial resources of the custodial parent;
>
> (4) The standard of living the child would have enjoyed had the marriage not been dissolved;

(5) The physical and emotional condition of the child, and his educational needs; and

(6) The financial resources and needs of the noncustodial parent."

Briefly, the record discloses that the wife presented the monthly living expenses of herself and the four children collectively without any separation or breakdown between her monthly living expenses and those of the four children. Based on her own figures, monthly living expenses for herself and the four children, in order to maintain their present standard of living, approximated $2,300.00. The children had no resources of their own. The wife was awarded $1.00 per year for maintenance since she had a net monthly income of approximately $1,000.00 from the practice of her profession. The husband had an adjusted gross income of $57,747.02 in 1972 and $61,614.64 in 1973. Balancing all of the facts just mentioned with the "relevant factors" listed in Section 452.340, supra, this court is impelled to conclude that the monthly amount awarded to the wife for child support, to-wit, $1,500.00, is excessive to the extent of $200.00 per month, and that $1,300.00 per month represents a "reasonable and necessary" amount for support of the four children. On its face, the $1,500.00 awarded for child support exceeded the amount claimed by the wife as being "reasonable and necessary" and was unsupported by the evidence. To the extent mentioned, the trial court abused its discretion in awarding $1,500.00 per month to the wife for child support.

■■■■■ As pointed out by the husband in his brief, that portion of the decree awarding child support is remiss in still another respect. With respect to the $1,500.00 per month awarded to the wife for child support, the decree provided that ". . . in no case will said payments extend beyond the 24th birthday of any child." The husband contends, and properly so, that the trial court exceeded its jurisdiction in extending support payments for said children beyond the time they respectively reach twenty-one years of age. Authority for the husband's contention is found in *Block v. Leiberman*, 506 S.W.2d 485, 486–87 (Mo.App.1974):

". . . The power and jurisdiction of a divorce court to review or make alterations of its orders touching the maintenance of the minor children ceases with such minority. *Kelly v. Kelly*, 329 Mo. 992, 47 S.W.2d 762 (Banc.1932). The award of child support, although made to the mother, is for the benefit of the children, who because of their minority, lack the legal status to bring suit directly against their parent.

"When the child reaches twenty-one however, this disability is removed and if an obligation to provide support exists, the child may proceed in his own right in a separate suit to establish such obligation. See *State ex rel. Kramer v. Carroll*, 309 S.W.2d 654 (Mo.App.1958). . . . The power of the court in the divorce action to provide for support of the child terminates when the child reaches 21. . . ."

See also *Nixon v. Nixon*, supra, l. c. 839, decided subsequent to *State ex rel. McNary v. Stussie*, 518 S.W.2d 630 (Mo.banc 1974), wherein the Supreme Court held Senate Bill No. 438, 77th General Assembly (1974), fixing the age of majority at eighteen, to be unconstitutional, as constituting authority for the proposition that jurisdiction for awarding child support in a dissolution of marriage proceeding extends to, but not beyond, the time a child becomes twenty-one years of age.

Those portions of the original decree entered September 19, 1974, relating to the amount and duration of the award for support of the four minor children are set aside with directions that the trial court enter a decretal provision in lieu thereof awarding the wife $325.00 per month per child for support of the four minor children, payable monthly on the first day of each and every month hereafter, provided, however, that any payment with respect to a particular child shall terminate when said child becomes emancipated, or reaches twenty-one years of age, whichever occurs first; in all

other respects the original decree entered September 19, 1974, is affirmed. The cause is remanded to the trial court with directions to enter a new decree consistent with this opinion.

All concur.