Kenneth Leroy ROBERTS,
Plaintiff-Appellant,

v.

Clara Mae ROBERTS,
Defendant-Respondent.

No. KCD 27477.

Missouri Court of Appeals,
Kansas City District.

May 31, 1977.

Louis Wagner, Kansas City, for plaintiff-appellant.

Lonnie J. Shalton, Popham, Popham, Conway, Sweeny & Fremont, Kansas City, for defendant-respondent.

Before DIXON, P. J., and CONLEY, NORMILE and BELT, Special Judges.

FRANK CONLEY, Special Judge.

This is an action for partition of certain real property owned by appellant and respondent as tenants in common. Respondent's answer alleged the existence of an oral agreement between the parties that appellant would convey all his right, title and interest in said property to respondent. Respondent counterclaimed for specific performance of that agreement, for actual damages in the amount of attorney's fees incurred in this action and for punitive damages alleging willful, malicious and fraudulent conduct on the part of appellant. The trial court denied appellant's action for partition and granted specific performance of the alleged agreement. This appeal is taken from that order and from the award to respondent of $1,000.00 in attorney's fees.

■ Appellant claims that the trial court erred in decreeing specific performance because the respondent failed to prove the existence of a contract beyond a reasonable doubt and because the alleged contract was not clear, explicit and definite, and because there was no mutuality between the parties. We disagree.

Appellant and respondent were divorced on August 13, 1973. During those proceedings, respondent testified as to a property settlement which had been negotiated by the attorneys on behalf of the parties. This testimony was given in the presence of appellant and his attorney, and without objection. At trial, appellant stated that he had heard respondent testify at the divorce proceedings. The terms of the agreement were recorded in the transcript of those proceedings. Part of the transcript was admitted in evidence in this case. At that time, appellant was asked to read the relevant portion of the transcript. Appellant then stated that the transcript, to the best of his knowledge, accurately reflected the testimony given during the divorce proceedings. Later, however, appellant claimed to have been sitting in the back of the courtroom and to have been unable to hear everything that was said.

Appellant's behavior after the divorce was inconsistent with his professed ignorance of the property settlement. Appellant took possession of those items of personal property which were to be his according to the agreement. Respondent testified during the divorce proceedings that she agreed to take over payments on the property here in question, in exchange for execution to her of a deed to the property. Subsequent to the divorce, appellant ceased to make the payments.

In his petition for partition, appellant asked that the Lincoln Continental automobile belonging to the parties be sold and the proceeds divided; yet, at trial he testified that he had agreed to sign title over to the respondent. The only evidence offered to refute the existence of the alleged property settlement agreement between the parties was appellant's own conflicting testimony. Except for admissions against his own interest, the trial court rejected appellant's testimony as incredible. "The trial chancellor, in contrast to this court, in determining [his] credibility had the opportunity to hear [him] and observe [his] demeanor on the witness stand." *Mueller v. Mueller*, 318 S.W.2d 365, 369 (Mo.1958).

Even if appellant's testimony as to his alleged ignorance of the property settlement were believed, his attorney at that time was aware of the significance of respondent's testimony and of the fact that the court based the award of alimony and child support upon the existence of the

property settlement agreement. During the divorce proceedings, respondent's attorney asked appellant's attorney whether he thought they ought to have a written agreement. Appellant's attorney replied, "I think the parties understand what their situation is."

■ If an unauthorized transaction was entered into by appellant's attorney, his remedy is against the attorney. The rule is repeated in *Wenneker v. Frager,* 448 S.W.2d 932, 937 (Mo.App.1969). "'An attorney in charge of a case has implied authority from his client to enter into any stipulation for the control of the progress of the action, even to the entering of judgment in favor of the opposite party.'"

Appellant, before bringing this action for partition, appealed to this court from that part of the divorce decree awarding alimony in the amount of $125.00 a month to respondent. *Roberts v. Roberts,* 515 S.W.2d 805, 806 (Mo.App.1974). We said at that time:

"That the appellant and his counsel were present at all stages of the proceeding; that they allowed said proceeding to proceed as a default; that they were present and had an opportunity to hear the respondent's recitation of the agreement reached between the parties; and that at the conclusion of her testimony, appellant withdrew his petition allowing the respondent to take her divorce by means of her cross-petition. This being so, the plaintiff-appellant has acquiesced in the judgment of the trial court, and may not be heard to complain on appeal of that to which he has given his implied consent."

■ The same principle applies in this case. The award in the divorce action was expressly stated to be based upon the property settlement now being disputed. Appellant should not be able to acquiesce there and then, in a collateral action, be heard to complain that he is completely ignorant of such an agreement.

■ Appellant further urges that the trial court erred in decreeing specific performance because respondent has not performed on the alleged oral contract and, therefore, there is no obligation on appellant's part to perform.

Respondent was ready and willing to perform her part of the agreement. She made no claim to that property which was appellant's according to the agreement. Appellant was allowed to remove property from the family home without objection from the respondent. Appellant now claims that titles to the vacant lot, camper and Chevrolet truck owned by the parties jointly, were not conveyed to appellant as provided by the property settlement. However, there was no showing that any papers were ever presented to respondent to sign or that she refused to perform her part of the agreement. Furthermore, respondent made payments on the family home (property sought now to be partitioned) pursuant to and in reliance on the property settlement agreement.

■ Appellant claims that the court erred in decreeing specific performance where the alleged contract was not based on adequate and legal consideration and where performance would bespeak an unconscionable advantage. Appellant's estimate of the value of the property received by both parties is not supported by the record, nor is his allegation of unconscionability. According to the agreement, the respondent was to receive the family home, home furnishings and the Lincoln Continental. Appellant was to receive the vacant lot, a pickup truck, a camper and certain other personal property such as tools, guns and a television set. The amount of child support and alimony awarded in the divorce decree were calculated with this agreement in mind. Respondent further agreed to take over payments on the family home in return for conveyance to her of full title.

Under the standard of review set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), the judgment is supported by the evidence. No error in the interpretation or application of the law appears, and the judgment is affirmed as to the matters set forth above.

■ The appellant's final point is that the court erred in awarding respondent attorney's fees. This is a misstatement of the judgment of the court since the judgment clearly is for damages, the relevant portion being as follows:

"Defendant is given judgment against plaintiff in the sum of One Thousand Dollars ($1,000) actual damages, for which let execution issue."

As the argument in his brief clearly reflects, appellant does not challenge the evidentiary support for the award of damages but rather insists that the award was made in the partition action and was an allowance of attorney's fees which is not authorized under Section 528.530 RSMo 1969. Since this court will presume right action of the trial court absent a claim of error, there is no issue raised on appeal with respect to the award of damages as such. *Schlanger v. Simon,* 339 S.W.2d 825 (Mo.1960); *Yates v. White River Valley Electric Co-operative,* 414 S.W.2d 808 (Mo.App.1967). Since the court had the authority to award damages for a delay of performance in a specific performance action, *Metropolitan St. Louis Sewer District v. Zykan,* 495 S.W.2d 643 (Mo.1973), and since this court will take all the inferences from the evidence in favor of the judgment by the trial court, *Bayless Building Materials Co. v. Peerless Land Co.,* 509 S.W.2d 206 (Mo.App.1974); *City of St. Louis v. Boos,* 503 S.W.2d 133 (Mo.App. 1973), the judgment is affirmed.

All concur.