**Brian Keith MOORE, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 45652.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 29, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

James C. Jones, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion in which he sought to vacate his first degree murder conviction.

The facts of movant's underlying conviction were set forth succinctly by Judge Rendlen as follows:

> During the late evening of July 28, 1975, appellant and two other men entered the "Emergency Room Lounge," a tavern located in the City of St. Louis, and after positioning themselves at various places in the room, appellant, carrying a shotgun, announced a "holdup." One accomplice, Ross Hogan, drew a pistol and fired at Albert "Rip" Williams, a customer sitting in a booth, as Williams was drawing a pistol from his waistband. Hogan's shot missed Williams but one of two return shots fired by Williams struck Ross Hogan. This was followed by a blast from appellant's shotgun which struck Williams on the head and shoulder knocking him to the floor. In that position Williams saw a man's foot, and believing it belonged to one of the robbers, he shot it.
>
> As the robbers withdrew from the aborted robbery through the front door they fired several more shots into the barroom, one of which wounded Williams again. After they had fled, it was discovered that two other customers had been caught in the gunfire. One received a "shotgun burn" and the other, Lawrence Meadows, had been fatally wounded in the head by two bullets. At trial, a police ballistics expert identified the fatal bullet as coming from Williams' gun.

*State v. Moore,* 580 S.W.2d 747, 748 (Mo. banc 1979).

Movant was convicted of attempted robbery in the first degree, a violation of § 556.150, RSMo.1969, and first degree murder, a violation of § 559.010, RSMo. 1969. On appeal, this court affirmed the attempted robbery conviction, but transferred the case to the Supreme Court to determine the validity of the murder conviction.

On appeal to the Supreme Court, the movant alleged, *inter alia,* that his conduct

could not constitute first degree murder under § 559.010, RSMo.1969,[1] because neither he nor one of his accomplices fired the shot that killed the victim. In support of his contention, movant cited *State v. Majors,* 237 S.W. 486 (Mo.1922). In *Majors,* the defendant and two accomplices entered a room where the occupants were gambling. They robbed the gamblers and, in the course of the robbery, a gun battle ensued and one of the gamblers was fatally shot. The Missouri Supreme Court reversed the murder conviction because the trial court failed to give converse instructions proffered by defendant which required a verdict of not guilty if the jury found the shot was fired by someone other than defendant or some one acting in concert with him.

In *Moore,* the Supreme Court acknowledged the holding in *Majors,* and also *State v. Glenn,* 429 S.W.2d 225 (Mo. banc 1968), but noted "[i]n neither *Majors* nor *Glenn* do we find a statement of the rationale for the requirement that the fatal act be performed by defendant or someone acting in concert with him." 580 S.W.2d at 751. The court then quoted from *State v. Glover,* 330 Mo. 709, 50 S.W.2d 1049, 1053 (Mo.1932), in which the Supreme Court affirmed defendant's felony murder conviction as follows:

> [E]ven though the homicide be unintentional yet, if it be committed in the course of perpetrating the felony, and is a *natural and proximate result* thereof, such as the defendant reasonably was bound to anticipate—and therefore especially where the *felony is dangerous and betokens a reckless disregard of human life*—the homicide will be first degree murder under the statute. (Emphasis ours).

In addition, the court cited *People v. Hickman,* 59 Ill.2d 89, 319 N.E.2d 511 (Ill. 1974), *cert. denied,* 421 U.S. 913, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1974); *People v. Podolski,* 332 Mich. 508, 52 N.W.2d 201 (Mich. 1952), *cert. denied,* 344 U.S. 845, 73 S.Ct. 62, 97 L.Ed. 657 (1952); *Johnson v. State,* 386

P.2d 336 (Okl.Cr.App.1963); and *Miers v. State,* 157 Tex.Cr.R. 572, 251 S.W.2d 404 (Tex.Cr.App.1952), for the proposition that an accused may be convicted of felony murder even though neither he nor his accomplice fired the fatal shot which kills the victim. The court concluded:

> It was reasonably foreseeable that the robbery attempt would meet resistance. This set into motion the chain of events which caused the death of Lawrence Meadows. Whether the fatal act was done by the defendant, an accomplice, another victim, or a bystander is, under the facts here, not controlling. The significant factor is whether the death was the natural and proximate result of the acts of the appellant or of an accomplice.

> . . . . .

> Insofar as *Majors* and *Glenn* are inconsistent with this opinion, they must no longer be followed.

Subsequently, movant filed this Rule 27.-26 motion raising 17 grounds for vacating his convictions. The trial court entered an order vacating movant's conviction for attempted robbery but denied the remainder of movant's allegations.

On appeal here, movant first asserts that at the time he committed the offense, his actions did not constitute the offense of murder in the first degree and that the Supreme Court's overruling of *Majors* and *Glenn* altered the law and constituted the application of an *ex post facto* law against him, in violation of Art. I, § 10 of the United States Constitution.

■ We disagree. It has been uniformly held that the *ex post facto* provisions of Art. I, § 10 of the United States Constitution is directed against legislative action only, and does not reach decisions by the courts. *Marks v. U.S.,* 430 U.S. 188, 191, 97 S.Ct. 990, 992, 51 L.Ed.2d 260 (1977); *Frank v. Magnum,* 237 U.S. 309, 344, 35 S.Ct. 582, 593, 59 L.Ed. 969 (1915); *U.S. ex rel. Almei-*

---

1. "Every murder which shall be committed by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, and every homicide which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or mayhem, shall be deemed murder in the first degree."

da v. Rundle, 383 F.2d 421, 425 (3rd Cir. 1967).[2]

In his second point, movant asserts that if the ex post facto constitutional prohibition does not apply then his conviction is invalid under the due process clause of the 14th Amendment to the United States Constitution. In support of his contention he cites Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). In Bouie, two black college students were convicted of trespassing in a drug store "sit in" in violation of a South Carolina statute which proscribed entry upon the land of another after notice of prohibiting such entry. The Supreme Court of South Carolina expanded the statute to also include the act of remaining on the premises of another after receiving notice to leave. The United States Supreme Court reversed the convictions and held that "[i]f a judicial construction of a criminal statute is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' it must not be given retroactive effect" or it violates the due process clause of the United States Constitution. 378 U.S. at 354, 84 S.Ct. at 1702.

Movant argues that Bouie controls and that the retroactive application of the overruling of Majors and Glenn to him constitutes a denial of due process. We disagree.

The statute under which movant was convicted provided, "every homicide which shall be committed in the perpetration or attempt to perpetrate any ... robbery ... shall be deemed murder in the first degree." § 559.010. Unlike the statute and circumstances in Bouie, § 559.010 on its face applies to movant's conduct. There is nothing in the statute which prevents its application to movant.

■ In light of the test which the Missouri Supreme Court adopted in Glover in 1932, we think that since the victim's death was the natural and proximate result of defendant's actions, movant was put on notice that his conduct would be considered first degree murder. Consequently, the construction put on § 559.010 by the Missouri Supreme Court could not be considered to be either "unexpected" or "indefensible" and can be given retroactive application to defendant without violating the due process clause of the United States Constitution.

In United States ex rel. Almeida v. Rundle, 383 F.2d 421, 427 (3rd Cir.1967), the Court held that appellant's conviction for felony murder in circumstances similar to those here was "not so shockingly in contravention of preexisting notions and policies in the law as to call into play the protective force of the Fourteenth Amendment."

■ Movant's conduct here was not in any way proper or moral. See Bouie, 378 U.S. at 352, 84 S.Ct. at 1701. His actions indisputably violated several criminal laws of the State of Missouri and he could not have been laboring under any misapprehension that his conduct at the tavern was legal. When a person does an act which he well knows to be a violation of some law he cannot be heard to complain that a statute, construed "to cover his conduct in a way that does not do violence to the ordinary understanding of the English language offends the 14th Amendment." Knutson v. Brewer, 619 F.2d 747, 750 (8th Cir.1980). We find no merit to his contention.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.

2. It has also been held that the counterpart to Article I, § 10 of the United States Constitution contained in Article I, § 13 of the Missouri Constitution applies only to the legislature and not to the courts. In re Marriage of Simpelo, 542 S.W.2d 558, 560 (Mo.App.1976).