**PUBLIC SUPPLY COMPANY, INC.,**
**Plaintiffs/Appellants,**

v.

**SAFETY FEDERAL SAVINGS & LOAN ASSOCIATION and Hidden Valley Partners, L.P., Defendants/Respondents.**

No. WD 41604.

Missouri Court of Appeals,
Western District.

Oct. 31, 1989.

Rehearing Denied Jan. 2, 1990.

Gordon R. Gaebler, Kansas City, for appellant.

Bernard J. Rhodes, E. John Edwards, III, Kansas City, for respondent.

Before CLARK, P.J., and
LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

The appellant, Public Supply Company, Inc., (Public Supply) had two counts of its petition for replevin and conversion dismissed. Public Supply had sold an open account kitchen appliances to Ricketts Construction. Those appliances were used in the Hidden Valley Apartments owned by Columbia Investment. Threatened with foreclosure, Columbia deeded the apart-ments to the respondents Safety Federal Savings and Loan which then deeded the property to Hidden Valley Partners, L.P.

Public Supply's petition sought a mechanic's lien against the respondents, alleged breach of an "open account agreement" against Ricketts as well as the replevin and conversion counts. The trial court, on motion of the respondents dismissed the replevin and conversion counts. Then, Public Supply filed a "Statement of Dismissal" which, as emphasized, reads:

> This is to advise the Court that this *cause has been settled* and it is agreed by the parties that the plaintiff's *petition* be *dismissed with prejudice* at the cost of defendant, Safety Federal Savings & Loan Association. This settlement *concludes* the *entire matter as to all defendants*, Columbia Investment Corporation, Safety Federal Savings & Loan Association, Hidden Valley Partners L.P. and Don F. Dagenais, trustee.

Filed concurrently was Public Supply's dismissal with prejudice. Finally, Public Supply filed this appeal as to the previously dismissed replevin and conversion claims.

The respondents argue the whole matter having been dismissed by the plaintiff with prejudice concludes the case and keeps Public Supply from being an aggrieved party allowed to appeal under § 512.020, RSMo 1986.

Public Supply has chosen to ignore in this court its dismissal, and, with new counsel on a ten page brief argued the merits of the trial court's sustaining the motion to dismiss. When asked about the voluntary dismissal during oral argument, Public Supply contended the dismissal it filed was somehow misconstrued and was intended to apply only to the counts for mechanic's lien and the suit on account.

▇▇▇▇ This court rules the voluntary dismissal with prejudice as to "all defendants" did conclude the "entire matter," and Public Supply should not be "heard to complain on appeal" of that to which he has given consent. *Roberts v. Roberts*, 515 S.W.2d 805, 806 (Mo.App.1974); *Foger v. Johnson*, 362 S.W.2d 763, 765 (Mo.App.1962). Gener-

ally an involuntary dismissal "with prejudice" terminates the litigation, *Richey v. Meter Investments, Inc.*, 680 S.W.2d 381, 383 (Mo.App.1984), so it should follow that a voluntary dismissal with prejudice, pursuant to a settlement, should quell furtherance of the litigation by the plaintiff.

Even if Public Supply had not taken itself out of its own case, this appeal would have been doomed to failure. Without going into a lengthy exposition, Public Supply, with documentation in its petition, had admitted the equipment had been sold on an open account to Ricketts, the contractor. Without a U.C.C. filing, or any assertion of retention of ownership as against Safety Federal or the subsequent owners, it is inconceivable how Public Supply could reclaim the property or collect for its conversion. There is nothing in the appeal with any merit. *Jensen v. Jensen*, 670 S.W.2d 16, 19 (Mo.App.1984). This is truly a case where no justifiable question is presented by the appellants and is so devoid of merit there is little chance of success. *Jones v. Kansas City ATA*, 769 S.W.2d 145, 148 (Mo.App.1989). The respondents request for damages for frivolous appeal under Rule 84.19 is granted.

Damages are assessed against the appellant in the amount of $250.00. Rule 84.19. The judgment is affirmed.