**Vernon Neal FOGER, Respondent,**

v.

**Goldie M. JOHNSON, Appellant.**

No. 23596.

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1962.

Billy S. Sparks, Thomas J. Daly, Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, for appellant.

Morris Dubiner, Donald E. Raymond, Kansas City, for respondent.

BROADDUS, Judge.

This is an appeal by the defendant from the action of the court sustaining plaintiff's application for an order *nunc pro tunc* to correct a judgment.

On September 23, 1959, plaintiff filed a petition in the Circuit Court of Jackson County wherein he alleged that on June 7, 1959, he was a passenger in a Dodge automobile being operated in a westerly direction on 31st Street near the 2200 block in Kansas City, Missouri; that said Dodge car was stopped at said time and place and was waiting in a line of traffic; immediately in back of the car in which plaintiff was a passenger was a De Soto automobile also stopped; that at said time defendant was operating her Chevrolet automobile in a westerly direction on 31st Street, to the

rear of the DeSoto car and to the rear of the automobile in which plaintiff was a passenger; that defendant operated her automobile so negligently and carelessly as to cause the same to collide with great violence into the rear of the standing DeSoto car and to cause it to come into violent collision with the rear of the Dodge car in which plaintiff was a passenger, and as a direct result of defendant's negligence plaintiff sustained serious and permanent injuries.

Defendant answered this petition and then on February 15, 1961, filed interrogatories to be answered by plaintiff. Copies of these interrogatories were not served upon plaintiff's attorney as required by Sections 510.020 and 506.100 V.A.M.S. On May 9, 1961, defendant filed her motion to compel plaintiff to answer the interrogatories, and on June 9, 1961, the court ordered plaintiff to answer the same within fifteen days. When the motion was filed, plaintiff's attorney got a copy of the interrogatories from the court file, but plaintiff was then on active duty in the armed services and could not be reached in time to answer the same in the manner required by the statute (Sect. 510.020.)

On July 13, 1961, the court entered an order dismissing plaintiff's petition. This entry did not specify that the dismissal was without prejudice and the court overlooked the effect of the Civil Rule No. 67.03, V.A.M.R. under which the dismissal was with prejudice.

On November 7, 1961, plaintiff moved to correct the judgment of dismissal to show that the dismissal was without prejudice. The motion was heard November 10, 1961. Both parties appeared by their attorneys. During the hearing the following statements were made:

"The Court: Well, it is unfortunate, but I think in the interest of justice —I don't know anything about the merits of the case, but in the interest of justice, if this fellow was in the military service and he was unable to

be reached in time, I believe that the order of the court should be amended and the dismissal shown to be without prejudice, because at the time it was my usual custom in all these cases to set aside the order of dismissal where the party or the attorney showed reasonable basis for that request, and definitely I would have to set aside the order at any time had I known his inability to get in touch with his client.

"Defendant's counsel: I am sure of that Judge. Between the time the interrogatories were filed and the time your first judgment became final, a period from February to the end of August elapsed in which the interrogatories could be answered.

"Plaintiff's counsel: We didn't get them, because if you will notice, I had to come over and get the interrogatories out of the court files to have a copy.

"Defendant's counsel: *I agree that in the interest of justice if the man has a lawsuit he should not be done out of it in such a simple manner.*

"Plaintiff's counsel: I have no objection to the costs.

"The Court: The application for amendment of the judgment nunc pro tunc will be sustained, at the plaintiff's cost." (Emphasis ours)

The *nunc pro tunc* order was entered on November 10, 1961. On December 6, 1961, defendant obtained leave in the trial court to file notice of appeal and filed said notice on that day.

■■■ Plaintiff contends that this notice was not timely and that the appeal should be dismissed for that reason. He also says that defendant "consented to the entry of the order from which this appeal is attempted and cannot complain of error in entering such order." If this is true then we need not consider the question of whether or not the appeal was timely. In

our opinion, it clearly appears from the above quoted portion of the transcript that defendant acquiesced in the court's ruling. It is a well established rule of law that a party is not aggrieved by a judgment or an order regularly made with his express or implied consent. 4 C.J.S. Appeal and Error § 213, page 629. And under our statute only an aggrieved party can appeal.

The appeal is dismissed.

All concur.