STATE of Missouri at the relation and to the Use of L. F. FLETCHER, Plaintiff-Appellant,

v.

NEW AMSTERDAM CASUALTY COMPANY, a Corporation, Defendant-Respondent.

No. 33048.

St. Louis Court of Appeals.

Missouri.

July 16, 1968.

Daniel, Raskas, Ruthmeyer & Schneider, Sanford E. Pomerantz, Dubinsky & Duggan, Sidney W. Horwitz, St. Louis, for plaintiff-appellant.

F. W. Mueller, St. Louis, for respondent.

POWELL, Special Judge.

We are confronted from the outset with the question of whether or not this appeal is premature.

Plaintiff brought this action against New Amsterdam Casualty Company, a corporation, alleging that plaintiff was a subcontractor on a job that had as the general contractor S. P. Shakofsky Construction Company, a corporation. Defendant New Amsterdam Casualty Company allegedly was the surety on a performance and payment bond on the job. The action is for an alleged balance due as a result of the general contractor's failure to pay.

Defendant bonding company requested leave to file a third-party petition against S. P. Shakofsky Construction Company. The request was granted and a Third-Party Summons and the Third-Party Petition were ordered served on the construction company on February 5, 1962. The Third-Party Petition alleged that if Defendant Bonding Company is liable to plaintiff, then Third-Party defendant will be liable to Defendant Bonding Company for all of said judgment. Plaintiff's statement of facts recites that there was service of said summons and petition.

Defendant bonding company filed answer to plaintiff's petition and plaintiff filed a reply.

On September 30, 1963, a memorandum was entered of record as follows: "Cause passed for settlement." The memorandum was signed by the attorneys for plaintiff and the attorney for the defendant bonding company, and, on the same date, was "O/K'd" by the Circuit Judge.

On November 8, 1963, plaintiff filed a "Motion to Set Aside Stipulation for Settlement." On December 13, 1963, a hearing was held on said motion. On June 9, 1967, plaintiff's "Motion to Set Aside Stipulation for Settlement" was overruled. Thereafter, on July 3, 1967, plaintiff filed the Notice of Appeal "from the order to overrule plaintiff's motion to set aside stipulation for settlement entered in this action on or about the 10th day of June, 1967."

The record does not disclose that the Third-Party Petition was dismissed.

■ The parties have not raised the issue, but the Court is obligated to determine whether or not there is a proper appeal. Deeds v. Foster, Mo., 235 S.W.2d 262; In re Smith, Mo.App., 331 S.W.2d 169; City of Hannibal v. Winchester, Mo.App., 360 S.W.2d 371.

In examining this question, we first consider certain well-defined guidelines.

■ The right of appeal is purely statutory. Section 512.020 RSMo 1959, V.A.M.S., provides that an appeal may be taken "from any final judgment in the case." Section 511.020 RSMo 1959, V.A.M.S., defines a judgment as "the final determination of the right of the parties in the action." Generally speaking, a final, appealable judgment is one which disposes

of all parties and all issues in the case. Bennett v. Wood, Mo., 239 S.W.2d 325; State ex rel. State Highway Comm. v. Hammel, Mo., 290 S.W.2d 113; Anderson v. Metcalf, Mo., 300 S.W.2d 377.

This brings us to the nature of the order from which this appeal is taken. The appeal is from the Order of the Court overruling plaintiff's motion to set aside the stipulation for settlement.

Plaintiff, no doubt, considers himself "aggrieved" by this Order of the Court. However, an order, to be final and appealable, must contain all of the essentials of a judgment. If an order dismisses the proceedings or finally disposes of the cause, it is a final order. 4 C.J.S. Appeal & Error § 94, p. 256. But, an order or judgment which does not dispose of all the issues and parties involved in the action is not final for purpose of appeal. Kidd v. Katz Drug Co., Mo.App., 244 S.W.2d 605. Such an order is said to be an interlocutory order and not a final order or judgment. Barlow v. Scott, Mo., 85 S.W.2d 504.

We recognize the rule that what is or is not a final judgment or order depends on the circumstances of each case. Bennett v. Cutler, Mo., 245 S.W.2d 900; Clasen v. Moore Brothers Realty Co., Mo. App., 413 S.W.2d 592. Consequently the uniqueness of plaintiff's situation justifies an examination of the question as to whether he is at this time an "aggrieved" person.

The memorandum filed with the court is: "Cause Passed for Settlement." The plaintiff refers to this entry as a "Stipulation for Settlement." The parties treat it as an Agreed Settlement which was approved by the court and only the formal mechanics of concluding the settlement remained until plaintiff moved to set the order aside. With considerable hesitation, we adopt the conclusion of the parties which was also the apparent interpretation placed on the entry, "Passed for Settlement," by the trial court.

The plaintiff voluntarily entered into the "Stipulation for Settlement." The court approved this action. It is generally held that a judgment, order, or decree entered by consent of the parties cannot be appealed, for it is not a *judicial* determination of rights, but a recital of an agreement. Such a party is estopped or waives his right to appeal when a judgment, order, or decree was entered at his request. 4 C. J.S., Appeal & Error § 213, pp. 629–631. Foger v. Johnson, Mo.App., 362 S.W.2d 763; Stanford v. Utley, 8 Cir., 341 F.2d 265.

True it is that plaintiff does not appeal from the action of the court in approving the so-called Stipulation for Settlement, but from the order of the court overruling the Motion to Set Aside the Stipulation for Settlement. However, the Motion to Set Aside the Stipulation for Settlement alleges (1) that plaintiff advised counsel that he would settle for $7,-000.00; (2) that pursuant thereto, counsel negotiated and reached an agreement to settle for $7,000.00; (3) that plaintiff was advised of the settlement and that a signed stipulation was executed by counsel and filed with the court; (4) that plaintiff, later in the day, advised his counsel that he would not settle for $7,000.00, and (5) that plaintiff refused to execute release forwarded. There is no allegation of fraud, mistake, or overreaching of plaintiff or plaintiff's counsel. The motion actually confirms the fact that the Stipulation for Settlement and the approval by the court was a matter involving plaintiff's consent and request. The plaintiff has not yet been "aggrieved" by a judicial determination. If it develops that subsequent orders of the trial court in dismissing plaintiff's petition, or in entering judgment for plaintiff, are not in conformity with the Stipulation for Settlement, a different situation may exist.

We also note, in passing, that *if* the approval by the trial court of the Stipulation for Settlement is to be construed as an order which, in effect, dismisses plaintiff's

petition, then the Motion to Set Aside, having been overruled on June 9, 1967, and the Notice of Appeal, having been filed on July 3, 1967, give rise to the question as to whether or not the Notice of Appeal was timely filed. See: Heard, Administrator v. Estate of Frye, Deceased, Mo.App., 336 S. W.2d 729, 1. c. 730. However, in our view of the matter, we need not consider this question.

■■■■ The appeal is premature for another reason. Missouri courts have consistently held that an appeal from an order which dismisses plaintiff's petition but does not dispose of defendant's counterclaim is premature. Bennett v. Wood, supra; Deeds v. Foster, supra; Sullivan v. Sparks, Mo.App., 318 S.W.2d 203. The same has been held to apply to an appeal from an order dismissing a counterclaim or a cross-claim which does not dispose of plaintiff's petition. State ex rel. State Highway Commission v. Hammel, supra; Kidd v. Katz Drug Co., supra.

The basic reason for these holdings is to avoid appeals by piecemeal. We find no reason to conclude that an undisposed of third-party petition suggests a different conclusion.

■■■■ The Third-Party Petition filed by defendant bonding company is still pending on the record before us. It has not been dismissed and, in view of the record, we are unable to rule that it has been abandoned. There has been no order for separate trial as contemplated by § 510.180(2) RSMo 1959, V.A.M.S. and Civil Rule 82.06, V.A.M.R. Even if we assumed that the order appealed from constituted a judgment in a non-jury case, whether or not it is a final judgment for purposes of appeal would depend on the nature of the untried third-party claim. If the third-party claim arose out of the same transaction, occurrence, or subject matter, as involved in the judgment appealed from, the judgment is not an appealable judgment unless specifically so designated by the court.

Readenour v. Motors Ins. Corp., Mo., 297 S.W.2d 554; Ramatowski v. Ramatowski, Mo.App., 414 S.W.2d 827. There has been no such designation in this case. In the instant case, both the petition and the third-party petition are based on the obligations and duties incurred by the parties under the performance and payment bond.

In view of the foregoing, may we conclude that all of the issues and all of the parties have been disposed of in this action by the ruling of the court? We think not.

■■■■ Not only may defendant bonding company be aggrieved by a judgment or decree on the third-party petition but S. P. Shakofsky Construction Company is also a party to this action, as third-party defendant, and the third-party defendant may be "aggrieved" by a judgment or decree against it. Third-party defendant was not a party to the "Stipulated Settlement." If the "Stipulated Settlement" is concluded by the entry of judgment in favor of plaintiff against defendant bonding company, it may pose problems in concluding the third-party petition considerably different than if such settlement be concluded by the dismissal of plaintiff's petition. Obviously, no useful purpose may be served by this Court attempting to contemplate the possible courses of action that are yet available to the parties to the litigation.

We conclude that the orders of the trial court as between plaintiff and defendant are interlocutory in nature. The labors of the trial court have not been concluded by either a final dismissal of the action or a judgment on the petition. We are of the further opinion that, in view of the existence of the third-party petition, all of the parties and all of the issues have not been disposed of in the trial court so as to avoid piecemeal appeal. Plaintiff has not yet been "aggrieved." The appeal is premature. The cause is remanded.

ANDERSON, P. J., and RUDDY, J., concur.