**HOUSEHOLD FINANCE CORPORATION, a Corporation, Plaintiff-Respondent,**

**v.**

**SEIGEL–ROBERT PLATING COMPANY, Garnishee of Ellen Tate, Defendant-Appellant.**

**No. 34311.**

Missouri Court of Appeals, St. Louis District, Division Two.

July 11, 1972.

---

**416**

Robert E. Ahrens, Karl F. Lang, St. Louis, for defendant-appellant.

Hall, Reaban, Seigel & Hyatt, Mark D. Seigel, St. Louis, for plaintiff-respondent.

DOWD, Judge.

This is an appeal from an order of the Circuit Court of St. Louis County entered on July 16, 1971, overruling the defendant-appellant's motion to quash garnishment.

The history of this litigation is as follows. On July 17, 1969, plaintiff-respondent Household Finance Corporation (hereinafter H.F.C.) filed suit against defendant-appellant Ellen Tate to recover the sum of $2,332.51 plus interest. On December 17, 1969, the defendant filed a petition in bankruptcy in the U.S. District Court for the Eastern District of Missouri, Eastern Division. She listed H.F.C. as an unsecured creditor. However, she did not file a suggestion of bankruptcy in the Circuit Court, nor did she request a stay of proceedings. On January 7, 1970, the plaintiff H.F.C. took a default judgment against the defendant.

Subsequently, on January 22, 1970, the first meeting of defendant's creditors was held. On March 2, 1970, defendant was discharged in bankruptcy. Thereafter, and on June 8, 1971, the defendant's wages were garnished by H.F.C. She then moved to quash on the grounds of prior discharge in bankruptcy. The motion was overruled and this appeal taken therefrom.

We find it unnecessary to go into the merits, for the reason that an order overruling a motion to quash execution of a garnishment is not appealable, Orf v. Computer Institute, Inc., Mo.App., 480 S.W.2d 73, and we must, therefore, dismiss this appeal.

Section 512.020 RSMo 1969, V.A.M.S. provides: "Any party to a suit aggrieved by any judgment of any trial court in any civil cause * * * may take his appeal to a court having appellate jurisdiction from * * * any final judgment in the case * * *."

A final, appealable judgment is ordinarily one which disposes of all parties and all issues in the case. Since the right of appeal is purely statutory, appeals will not lie from rulings which do not constitute a final disposition of the case, in the absence of specific statutory authority. Morrison v. Estate of Martin, Mo.App., 427 S.W.2d 783. These principles are applicable to garnishment cases. Dyer v.

Martin Loan and Finance Co., Mo.App., 281 S.W.2d 633.

■■ Garnishment is strictly a statutory action. Sanco Finance Co. v. Agnew, Mo.App., 462 S.W.2d 833[1]. An examination of the garnishment statutes clearly shows that there are definite proceedings to be followed before the final judgment is entered. See Sections 525.020 to 525.200 V.A.M.S. (1969). It is only after the final judgment is entered that an appeal from such judgment will lie. Barnes Hospital v. Quinlivan, Mo.App., 136 S.W.2d 332.

■ If the order appealed from had quashed the garnishment, it would have constituted a final judgment, and would have been appealable. Flynn v. First Nat. Safe Deposit Co., Mo., 284 S.W.2d 593. However, the order herein appealed from overruled defendant's motion to quash the garnishment and hence it does not constitute a final disposition of the case. Orf v. Computer Institute, Inc., supra. Since a final judgment has not been entered, the appeal is premature. We must therefore dismiss it at this time. It is so ordered.

SMITH and SIMEONE, JJ., concur.