**Earl F. BROSNAHAN, Appellant,**

v.

**June M. BROSNAHAN, Respondent.**

**No. KCD 27037.**

Missouri Court of Appeals,
Kansas City District.

Dec. 2, 1974.

Edward F. Aylward, Kansas City, for appellant.

Robert Gingrich, Jr., Melvin L. Kodas, Kansas City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

This is a civil action in the form of a motion by defendant to obtain credit of record for partial payments on an alimony judgment, which motion was overruled below. In the same proceeding, plaintiff filed a motion to cure imperfection in judgment, which was sustained. Defendant has duly appealed from both adverse rulings.

On September 22, 1972, plaintiff was awarded a divorce from defendant with alimony in gross in the sum of $100,000.00, to be paid in equal monthly installments over a period of ten years, beginning October 1, 1972. After the entry of judgment, plaintiff filed the judgment as a lien on property owned by defendant in Clay County, Missouri. Defendant wants to improve said property, and, therefore, in July of 1973, requested plaintiff to voluntarily satisfy the judgment by allowing credit of record for alimony payments made to date. Plaintiff refused to do so. On September 6, 1973, defendant filed a Motion to Satisfy Judgment and For Costs and Attorney's Fees. On October 1, 1973, plaintiff filed a Motion to Cure Imperfection in Judgment on the grounds that the original divorce judgment had failed to award costs. On October 16, 1973, the trial court entered the order here under challenge, overruling defendant's motion and sustaining plaintiff's motion.

Defendant's first point on appeal claims error in the first part of that order pertaining to his motion, while his second point attacks the portion relating to plaintiff's motion. These points will be discussed in reverse order.

I.

Defendant argues that the sustaining of plaintiff's motion to cure imperfection in the original divorce judgment was error, because there was no evidence presented on the motion and the record shows it was not heard. His point is without merit. Plaintiff's motion was made under Rule 74.31, V.A.M.R., which provides that imperfections in judgments may be cured by amendment when to do so would not be against the right and justice of the matter and not alter the issues between the parties on the trial. The original judgment entry made no provision for costs. Plaintiff in her motion alleged this was the result of default and negligence, which are imperfections specifically listed under Rule 74.30, and which become grounds for amendment under Rule 74.31.

We approve and adopt the following ruling made by the trial court on this phase of the case:

". . . As a matter of course, costs are recoverable by the prevailing party, this being the mandate by statute and by the Supreme Court Rules. (Section 514.060 R.S.Mo. [V.A.M.S.]; Civil Rule 77.06) Having been adjudged the innocent and injured party, plaintiff in this case is the prevailing party and is entitled to her costs. This follows as a matter of law despite the absence of any provision in the judgment entry with respect to taxing costs.

"Defendant suggests that the passage of one year's time since the entry of the decree here precludes assessment of costs. Although it is our view that the judgment in favor of plaintiff necessarily awards her costs, early Missouri authority supports an order taxing costs, not only after term but after payment of the judgment. State ex rel. Clinton County v. Hannibal & St. Joseph Ry. Co., 78 Mo. 575."

It is to be noted that § 514.060, RSMo 1969, V.A.M.S., referred to in the foregoing ruling, has specifically been held to apply in divorce actions. Crooks v. Crooks, 197 S.W.2d 678 (Mo.App.1946). As to the court's authority to properly reflect taxation of costs in accordance with the statute, despite expiration of the original term (the corresponding period now being thirty days after judgment), see also Niedring-

haus v. Wm. F. Niedringhaus Inv. Co., 54 S.W.2d 79, 83 (Mo.App.1932) and cases there cited.

The question raised by defendant's Point on Appeal in his brief, to the effect that no evidence was presented on plaintiff's motion, is not well taken. The question of amending the judgment presented only an issue of law. If there was to be any departure from the usual course of awarding costs to the prevailing party, the burden was upon defendant as the losing party to show cause for doing so. Since defendant did not seek to raise any factual issue as to costs, and does not even now indicate the existence of any factual dispute, there was no necessity of any presentation of evidence. No error occurred in sustaining plaintiff's motion to cure imperfection in the original divorce decree with respect to costs.

## II.

The same conclusion, however, cannot be reached as to the overruling of defendant's motion to require plaintiff to acknowledge partial satisfaction of the judgment. Originally defendant's basis for relief was § 511.620, RSMo 1969, V.A.M.S. That section provides that a court may order a satisfaction of a judgment to be entered after full payment has been made. The trial court quite understandably ruled that § 511.620 was not intended to and does not authorize partial releases and accordingly denied defendant relief.

In this court, the case assumed a new posture. Defendant now admits that the statute does not apply, but he says that he should be granted the relief sought on general principles of the common law. While he cites no authority, and independent research discloses no applicable Missouri cases, nevertheless, defendant's position does find solid support in other respected legal authority.

■ Numerous cases hold that at common law courts have general power to control their own judgment records, and in that connection they may order entry of either complete or partial satisfaction of a judgment on which payment has been made. Morris v. Thomas, 17 Ill. 112, 115 (1855); Louis E. Bower v. Silverstein, 298 Ill.App. 145, 18 N.E.2d 385, 386 (1938); Reid v. O'Brien, 86 Ill.App. 128, 130 (1898); Commonwealth v. Hall, 251 Ky. 280, 64 S.W.2d 585, 586 (1933); Childs v. Franklin, 10 Ala. 79 (1846); Manker v. Sine, 47 Neb. 736, 66 N.W. 840 (1896); Foreman v. Bibb, 65 N.C. 128 (1871); McDonald v. Holdom, 208 Ill. 128, 70 N.E. 21 (1904); Stoecklin v. Paulos, 16 Ill. App.2d 240, 147 N.E.2d 687 (1958); Dunton v. McCook, 120 Iowa 444, 94 N.W. 942 (1903); Macrum v. United States, 154 F. 653 (3d Cir: 1907); Harper v. Graham, 20 Ohio 106 (1851); Harding v. Hawkins, 141 Ill. 572, 31 N.E. 307 (1892); Gupton v. Western Kennel Club, 193 Okl. 462, 145 P. 2d 179 (1944); Freeman on Judgments, 5th Ed., § 1163, p. 2403.

■ That common law power insofar as it applies to ordering partial satisfaction of the judgment has not been repealed by § 511.620. While that statute does now fully cover the matter of requiring entry of a complete satisfaction, there is no indication that the Legislature intended to negate the common law remedy of securing a partial satisfaction. Allowing this latter remedy will merely supplement and not conflict with the statute. Since there is no antagonism between this common law remedy and the statute, the common law remedy is to be given effect under § 1.010, RSMo 1969, V.A.M.S. State v. Dalton, 134 Mo.App. 517, 114 S.W. 1132, l. c. 1135 (1908).

■ The only reason advanced by plaintiff for not requiring entry of a partial satisfaction is a generalized, miasmatic fear of losing her lien. She freely admits the reality and urgency of defendant's need for this partial release, but she expresses concern for the preservation of her own lien rights if she were to make any voluntary release, in view of the fact that the

only statutory provision for a release refers to a full and final release. That concern might have some substance if this were a purely voluntary action on her part. However, the result of this opinion and the order entered under the mandate of this court will be for the clerk of the circuit court to enter satisfaction of record to the extent that the circuit court finds that payment has been made by defendant under the judgment. This entry will in no way affect plaintiff's right to her lien for the balance of the judgment remaining unpaid.

The judgment of the court below is affirmed insofar as it sustained plaintiff's motion to cure imperfection in the orginal judgment, but that order is reversed and the cause remanded insofar as it overruled defendant's motion for a partial satisfaction of judgment. Costs on this appeal will be divided equally between the parties.

All concur.