. T. Joyce ERB, Plaintiff-Respondent,

v.

Fred B. JOHANNES, Defendant,

and

Robert J. Howard, Defendant-Appellant,

and

Charles E. Evans,
Defendant-Respondent,

and

Paxton H. Ackerman,
Defendant-Respondent.

No. 47844.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 27, 1984.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 9, 1985.

Nancy M. Watkins, St. Louis, for defendant-appellant.

Donald S. Hilleary, Alan Agathen, Clayton, for Erb. George Owen Suggs, St. Louis, for Johannes.

Paxton H. Ackerman, St. Louis, for Ackerman.

Floyd Schechter, Clayton, for Evans.

CRANDALL, Judge.

Defendant Robert J. Howard appeals from a judgment entered in an interpleader action. The trial court awarded the fund in question to plaintiff T. Joyce Erb; denied Howard an award of his attorney fees; and awarded Paxton Ackerman, the former attorney for Howard and defendant Charles Evans, a judgment for attorney fees against both of them, personally and as statutory trustees for Second Street North, Ltd.

Howard is the sole appellant. He claims the court erred (1) in holding him liable for Ackerman's fees because the court lacked subject matter jurisdiction over the cross-claim by Ackerman; (2) in holding him liable for Ackerman's fees because there was an agreement the fee would be contingent on the creation of a fund; (3) in awarding the fund to Erb because the corporation had not authorized any security agreement with her; (4) in awarding the fund to Erb because her security interest was not perfected and thus her claim was no better than or equal to other creditors; and (5) in denying Howard's claim on the fund for attorney fees incurred in defending the interpleader action. We affirm.

Defendants Robert Howard and Charles Evans were the shareholders and officers of a corporation known as Second Street North, Ltd., a company formed in 1977 to do business as a restaurant. The corporation entered into a real estate lease with another corporation wholly owned by Fred B. Johannes. Johannes terminated the lease in 1979 and sold the equipment of the restaurant to satisfy his security interest. A total of $49,349.64 remained after the debt owed to Johannes was satisfied.

T. Joyce Erb, who also held a security interest in the assets of the corporation, originally brought suit against Johannes for the remaining funds. Johannes then

filed an interpleader,[1] naming Howard, Evans and attorney Ackerman as defendants to determine whether Erb should get the money or it should go to Howard and Evans as statutory trustees of the corporation, then in forfeiture under § 351.525, RSMo (1978). Erb followed by filing a cross-claim for the money which had been paid into court. Ackerman filed a cross-claim against Howard and Evans individually and as statutory trustees for legal services performed for them and asked that a priority of lien be declared on the fund for those fees.

■ Defendant Howard's first point is directed at the attorney fees awarded to Ackerman. Howard alleges that the trial court lacked subject matter jurisdiction over defendant Ackerman's cross-claim for attorney fees because the court had jurisdiction only to determine claims of the parties to the fund which was the subject matter of the interpleader action.

This contention is resolved by reference to *Tillman v. Deese*, 488 S.W.2d 206 (Mo. App.1972), where the court held that despite the holdings of several federal cases, Missouri would allow a cross-claim to be filed in an interpleader action where the cross-claim went beyond the subject matter of the interpleader action. Defendant Howard's first point is denied.

■ Defendant Howard next contends the court erred in holding him individually liable to Ackerman for attorney fees on the cross-claim, claiming that an agreement regarding a fee with Ackerman was in the nature of a contingent fee agreement, the contingency being the creation of a fund. A contingent fee agreement must be express, never implied. *Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 324 (Mo. banc 1979). It is clear from the record that there was no express agreement for a contingent fee. Ackerman's bill for services rendered was based on a per hour charge rather than a percentage of any judgment that he might recover. Howard does not

contest the reasonableness of Ackerman's fee, and in fact testified that he was personally liable for the fee in addition to the corporation's liability. There was substantial evidence to support the trial court's implicit finding that the agreement was for deferred payment rather than a contingent fee contract. Defendant's second point is denied.

■ Defendant Howard's third and fourth points will be considered together. First he claims the fund should not have been awarded to the plaintiff because the board of directors of the corporation never conveyed a security interest to the plaintiff. He also contends plaintiff should not have received the fund because her security interest had not been perfected under the statutory provisions for secured transactions, and that claims of other creditors and the Internal Revenue Service, which held a tax lien, had priority over Erb's claim. He does not contest the fact that Erb loaned money to the corporation and was never repaid.

We need not reach the substantive issues raised in defendant's third and fourth points. We find that any action taken by Howard directed at the fund had to be taken with Evans. Howard and Evans are statutory trustees of the corporation. "All trustees must be joined in the suit or adequate reasons given to explain their absence." *Moore v. Matthew's Book Co.*, 597 F.2d 645, 647 (8th Cir.1979) (per curiam). In *Moore*, one statutory trustee was not allowed to bring an action without joining all the other statutory trustees as plaintiffs. The court stated:

A contrary interpretation not only goes against the plain language of the statute, but would also raise the questions of whether the trustees not parties to the lawsuit would be bound by the results in a subsequent action and whether they would be liable for costs if the defendants prevail on the merits. *Whatever court.*

---

**1.** Johannes was later dismissed from the suit by Erb after paying the remaining money into

*right of action for damages belonged to the corporation at the time of the forfeiture vested in all of the statutory trustees jointly in their representative capacities and not in Moore as a trustee.* Without joinder of the other trustees Moore lacked capacity to sue. (Emphasis added.)

In *Camden v. Dodds Truck Line, Inc.*, 404 S.W.2d 233 (Mo.App.1966), the court cited 19 C.J.S. Corporations § 1744, at 1511 (1940) which states: "The trustees provided for by these statutes should act as a group, not individually...." We hold that the right to defend against the claim by Erb and the right to appeal vested in the statutory trustees jointly and not in Howard as a single trustee.

Defendant Howard filed answers to Erb's petition and her cross-claim as an individual. The answers begin: "Comes now Defendant Robert J. Howard ... and for his separate answer to ... states...." Evans at trial did not dispute that Erb was entitled to the fund. Howard claims no interest in the fund personally but rather only as a statutory trustee. In addition, Missouri Rule 81.08 states a notice of appeal shall specify the parties taking the appeal. This appeal was taken by defendant Howard alone. In fact, Evans has filed a brief as a respondent, adopting all of Erb's points. Clearly Howard is acting as an individual statutory trustee contrary to the wishes of Evans and without explanation or excuse. Defendant's third and fourth points are denied.

Defendant Howard's fifth point should also not be heard on appeal for the reasons discussed above regarding taking action without joining or explaining the absence of the other statutory trustee, Evans. Howard's fifth point argues that his attorney fees for defending the interpleader action should be paid out of the fund. We have held that Howard could not defend against Erb's claim as an individual statutory trustee. It would be anomalous to allow attorney fees for this defense to come out of the fund which Howard could not properly defend alone. Regardless, the

point is without merit. "[T]here can be no allowance of counsel fees from a fund if the interests of the party claiming the allowance are antagonistic to those entitled to the fund." *Leggett v. Missouri State Life Ins. Co.*, 342 S.W.2d 833, 936 (Mo. banc 1960). Defendant's fifth point is denied.

The judgment is affirmed.

DOWD, P.J., and CRIST, J., concur.