**HELTON CONSTRUCTION COMPANY, INC., Plaintiff–Respondent,**

v.

**HIGH POINT SHOPPING CENTER, INC., Raul J. Walters and E. Stanley Kroenke, Statutory Trustees, Defendants–Appellants.**

No. 17668.

Missouri Court of Appeals, Southern District, Division One.

Aug. 5, 1992.

Motion for Rehearing or Transfer Denied Sept. 3, 1992.

Application to Transfer Denied Oct. 27, 1992.

Hamp Ford, Susan Ford Robertson, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, for defendants-appellants.

Dale C. Doerhoff, Cook, Vetter & Doerhoff, Jefferson City, for plaintiff-respondent.

SHRUM, Presiding Judge.

High Point Shopping Center, Inc., and its statutory trustees Raul J. Walters and E. Stanley Kroenke appeal from an order entered by the trial court on June 26, 1991, denying their Rule 74.11(c) application for an order showing satisfaction of a judgment entered February 8, 1989, by consent of the appellants and respondent Helton Construction Co., Inc.[1] We reverse and remand with directions that the trial court enter an order showing satisfaction of the judgment.

### ISSUES

The parties raise two basic issues: (1) whether the appellants may appeal from an order denying satisfaction of a judgment entered earlier by their consent and (2) whether all issues concerning the appel-

---

1. Throughout this opinion, we refer to High Point Shopping Center, Inc., Walters, and Kroenke collectively as "the appellants." We refer to them separately as "High Point," "Walters," and "Kroenke." Where we refer to Walters and Kroenke separately, we do so in their capacities as trustees for High Point, unless stated otherwise. We refer to Helton Construction Co., Inc., as "Helton."

lants' alleged default under the terms of the consent judgment were conclusively decided in their favor when the trial court quashed an execution on the consent judgment.

## FACTS

In December 1985, Helton filed suit against the appellants to enforce a mechanic's lien. On February 8, 1989, the parties appeared before the trial court. At that time a stipulation, signed by the parties and calling for a consent judgment, was presented to and approved by the court.

Summarized, the settlement provided that a $214,495.84 judgment in favor of Helton and against the appellants could be satisfied by the appellants' performing as follows: Paying interest monthly, at an annual rate of 9%, on a principal of $171,596.57 on the first day of March, April, May, June, and July 1989 and by paying the principal sum of $171,596.57 on July 1, 1989. If the $171,596.57 was not paid July 1, 1989, appellants could still obtain satisfaction of the judgment by continuing to pay interest, at a revised rate, on the $171,596.57 principal sum on the first of each month until December 1, 1989, when the $171,596.57 sum was to be paid. Default by reason of failure to make the monthly interest payments when due could be avoided by paying the interest "within ten (10) days after the time specified for such payment."

The revised interest rate, effective with the payment due on August 1, 1989, was to equal the prime rate of Boone County National Bank, Columbia, Missouri, plus 3%, as determined "on the first day of the month preceding the required interest payment."

The consent judgment provided that if appellants made the payments "in the amounts and at the times specified, and are not in default under the terms of this provision, [Helton] shall not execute upon the judgment entered February 8, 1989 against [the appellants]. In addition, [Helton] shall enter a Satisfaction of Judgment and Release of Mechanic Lien upon full payment by [the appellants], if [the appellants] are not in default under the terms of this provision."

In the judgment, the parties agreed that if the appellants defaulted, an affidavit of default filed by Helton's lawyer with the Camden County Circuit Court would be sufficient to give Helton the right to execute on the full amount of the judgment, $214,495.84, plus 9% interest from February 8, 1989, and to enforce its mechanic's lien. In the event of default, appellants had no right to set-off any payment made by them prior to default against the $214,495.84 judgment amount plus accrued interest. The consent judgment also provided:

> [A]ny acceptance of any payment on a date or in a manner otherwise than as provided for in this provision, shall not constitute a waiver of [Helton's] rights pursuant to this provision, and shall not prohibit [Helton] from proceeding hereunder upon subsequent default.

The appellants made timely interest payments through July 1989. For the payment due August 1, 1989, they made a timely payment calculated at the 9% rate. Helton filed an affidavit of default on August 14, 1989, and an application for execution on August 17, 1989, claiming that the appellants had defaulted because they had not paid the entire interest due August 1; they had not calculated the interest at the Boone County National Bank prime rate plus 3%. The circuit clerk issued an order for execution on August 17, 1989, and the sheriff of Camden County "levied upon and seized" the real estate on that same date.

On August 25, 1989, the appellants tendered to Helton the additional interest due, $883.42, a tender which Helton rejected as being untimely and, therefore, unacceptable.

On September 5, 1989, Helton filed a notice of execution sale, the sale to be held September 19, 1989. Also on September 5, the appellants filed a motion to quash the execution. In their motion, the appellants denied the occurrence of a default because Helton had cashed the check for the August payment, and the appellants asserted numerous equitable grounds for relief, if the court concluded a default had occurred.

In its response to the motion to quash, Helton challenged all the grounds for relief asserted by the appellants.

On September 12, 1989, the trial court quashed the execution without making findings of fact or conclusions of law.[2] On September 27, 1989, Helton filed its motion for new trial.

On November 30, 1989, the appellants tendered to Helton and its attorneys a check for $173,283.11, an amount representing $171,596.57 principal plus accrued interest, and they requested Helton file an acknowledgement of satisfaction pursuant to Rule 74.11(a). Helton declined "to acknowledge satisfaction in full ... because payment in full has not been made."

The appellants then filed a motion under Rule 74.11(c) requesting an order showing satisfaction of the judgment.[3] Helton responded, again claiming the appellants' failure to timely pay the full amount of the interest due in August was an unexcused default and, therefore, the amount due December 1, 1989, under the consent judgment, was $214,495.84 plus accrued interest. On June 26, 1991, the trial court denied the appellants' Rule 74.11(c) motion. This appeal followed.

## MOTION TO DISMISS APPEAL

■ By a separate motion to dismiss this appeal, Helton contends that the appellants not only waived their right to appeal by agreeing to the February 8, 1989, judgment, but that they also expressly surrendered their right to appeal as evidenced by the following provision in the consent judgment:

This Judgment was entered by stipulation and consent of the parties, and shall be a final and unappealable order, as [appellants] hereby waive their right to appeal all or any portion of said judgment, in open court.

Our starting point is § 512.020, RSMo 1986, which provides that, with exceptions not applicable here, "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause" may appeal "from any final judgment in the case or from any special order after final judgment in the cause...." Section 512.020 notwithstanding, Helton argues for dismissal of the appeal, relying on *Shafer v. Automobile Club Inter-Ins. Exchange*, 778 S.W.2d 395 (Mo.App.1989), *State ex rel. Fletcher v. New Amsterdam Cas. Co.*, 430 S.W.2d 642 (Mo.App.1968), *Foger v. Johnson*, 362 S.W.2d 763 (Mo.App.1962), and *National Surety Corp. v. Fisher*, 317 S.W.2d 334 (Mo.banc 1958).

*Shafer* and *Fletcher* state the general rule that an order entered pursuant to an agreement of the parties is not appealable because it is not a judicial determination of rights. *Shafer*, 778 S.W.2d at 400[5]; *Fletcher*, 430 S.W.2d at 645[7]. *Foger* states the proposition that a party is not aggrieved by a judgment entered with its express or implied consent. 362 S.W.2d at 765[2]. And *National Surety Corp.* makes it clear that a party may, by express waiver, surrender the right to appeal. 317 S.W.2d at 339[3].

Helton's cases do not control. *Shafer* and *Foger* involved attempts to appeal directly from orders entered upon agreement of the parties. *Shafer*, 778 S.W.2d at 396 and 400; *Foger*, 362 S.W.2d at 764–65. In *National Surety Corp.*, the plaintiff and the defendant stipulated, after judgment,

---

**2.** Also on September 12, 1989, the trial court, without making findings of fact or conclusions of law, dismissed case number CV189–440CC, a separate lawsuit filed September 6, 1989, by Walters, acting individually and as statutory trustee for High Point. In CV189–440CC, Walters sought relief from the impending execution sale. Helton responded to Walters's separate lawsuit by filing a motion to dismiss, alleging that Walters had not exhausted all of his legal remedies, that he was not the real party in interest in that he had not joined Kroenke, the other statutory trustee for High Point, and that

he was improperly seeking a declaratory judgment in the same count in which he was requesting an injunction. Walters did not seek a new trial and did not appeal the dismissal of his separate action.

**3.** Rule 74.11(c) provides: "If a judgment creditor who has received satisfaction of a judgment fails to acknowledge such satisfaction immediately, any interested person may apply to the court where the judgment was entered for an order showing satisfaction."

that the personal judgment against the defendant was final and that the defendant would not appeal from it, but the defendant did not waive his right to appeal from the trial court order sustaining an attachment against a bank account belonging to the defendant. 317 S.W.2d at 338. The supreme court held that the applicable statute, § 521.420, did not permit the defendant to appeal on the attachment issue alone and, therefore, when he expressly waived his right to appeal from the judgment on the merits he also lost his right to appeal on the attachment issue. 317 S.W.2d at 338–39.

In *Fletcher*, the plaintiff attempted to appeal from a trial court order overruling his "Motion to Set Aside Stipulation for Settlement." 430 S.W.2d at 644–45. In ruling that the appeal was premature, the *Fletcher* court held that the plaintiff had "not yet been 'aggrieved' by a judicial determination." 430 S.W.2d at 645[9]. The court then observed, "If it develops that subsequent orders of the trial court in dismissing plaintiff's petition, or in entering judgment for plaintiff, are not in conformity with the Stipulation for Settlement, a different situation may exist." *Id.* We believe the "situation" now under consideration is one embraced by the above-quoted *Fletcher obiter dicta;* it involves an order which the appellants, in effect, charge is "not in conformity with the Stipulation for Settlement."

Helton asserts there is "no difference" between the consent judgment and the trial court's ruling on the appellants' application for an order showing satisfaction. Helton argues:

> The motion for an order of satisfaction was a request to the trial court to excuse appellants' default and enter satisfaction in spite of the fact that appellants paid only $171,596.57 and not $214,495.84 plus interest as the Judgment requires. The motion for an order of satisfaction was nothing but an attempt to have the trial court rewrite the Judgment.

Because there is "no difference" between the consent judgment and the ruling on appellants' motion, Helton's argument goes, there can be no appeal because "the consent Judgment at issue was not a judicial determination of disputed issues but was an agreed judgment and ... appellants are not aggrieved by the consent Judgment because it was entered by agreement and at their request."

Helton's "no difference" argument is based on two erroneous assumptions: (1) that there was a default (or that the default was not excused) and (2) that the appeal is from the consent judgment itself rather than from a separate order. Appellants' point on appeal concerns whether a default occurred and, if so, whether it was excused; we discuss those matters later in this opinion. First we deal with the question of which order or judgment it is from which the appellants bring their appeal. For reasons that follow, we conclude the appellants are appealing from a "special order after final judgment in the cause," an appeal permitted by § 512.020.

As stated, orders and judgments made appealable by § 512.020, RSMo 1986, include "any special order after final judgment in the cause." The noun phrase, "any special order after final judgment in the cause," refers to "the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered." *Wehrs v. Sullivan,* 187 S.W. 825, 826–27[2] (Mo.1916). *See also City of Caruthersville v. Cantrell,* 241 S.W.2d 790, 791[2] (Mo.App.1951).

Examples of "any special order after final judgment" include an order overruling a motion to quash an execution, *Gale v. Michie,* 47 Mo. 326, 327 (1871), *Anderson v. Anderson,* 404 S.W.2d 206, 207[1] (Mo.App. 1966), and *Carrow v. Carrow,* 294 S.W.2d 595, 597[2] (Mo.App.1956); an order reviving a judgment and lien after the judgment creditor obtained a writ of scire facias pursuant to prior Rule 74.36, *Moore v. Luna,* 626 S.W.2d 417, 418[1] (Mo.App.1981); and a final judgment entered in a garnishment action, *Household Finance Corp. v. Siegel–Robert Plating Co.,* 483 S.W.2d 415, 417[5] (Mo.App.1972). A final judgment in a garnishment action includes an order sus-

taining a motion to quash the garnishment. *Id.* at 417[6]; *Division of Employment Sec. v. Cusumano*, 785 S.W.2d 310, 312[3] (Mo.App.1990). An order denying a motion to quash a garnishment is not a final judgment. *Household Finance Corp.*, 483 S.W.2d at 417; *Cusumano*, 785 S.W.2d at 312[3, 4].

Although it does not directly address the issue before us, we find *Brosnahan v. Brosnahan*, 516 S.W.2d 812 (Mo.App.1974), procedurally similar and, therefore, instructive. In *Brosnahan*, a judgment debtor filed a motion in which he requested a court order requiring the creditor to acknowledge partial satisfaction of the judgment. The debtor originally based his request on § 511.620, RSMo 1969, which is identical to prior Rule 74.56, an ancestor of Rule 74.11(c). The trial court overruled the debtor's motion and the debtor appealed. The court of appeals, basing its decision on common law principles, reversed the order denying the debtor's motion for a partial satisfaction. The court of appeals treated the trial court order as an appealable one, although the issue of appealability was not raised by the court or the creditor.

Here, the principal cause—Helton's mechanic's lien suit—had been disposed of by the consent judgment of February 8, 1989. The appellants' application under Rule 74.11(c) sought a "special order" to aid in the enforcement of the consent judgment provision pertaining to satisfaction after Helton failed to "enter a Satisfaction of Judgment" under the terms of the consent judgment and refused the appellants' request pursuant to Rule 74.11(a) for satisfaction. The "special order" was appealable under § 512.020. We deny Helton's motion to dismiss the appeal.

### DID RULING ON MOTION TO QUASH CONCLUSIVELY RESOLVE DEFAULT ISSUE?

■ In their single point relied on, the appellants contend the trial court erred in

its refusal to order satisfaction of the consent judgment.[4] Summarized, the appellants' argument is that the question of whether they defaulted in August 1989 (or whether default was excused) was resolved in their favor when the trial court quashed the execution on September 12, 1989; that the September 12, 1989, order was a final judgment and Helton may not relitigate the issue of default; and, because there was no default or because default was excused, the $173,283.11 payment they tendered to Helton was sufficient to require satisfaction of the consent judgment. We agree with the appellants, and we reverse the judgment of the trial court and remand with directions.

■ Helton is precluded from contesting the issue of the appellants' alleged default in the August payment. The doctrine of collateral estoppel, or issue preclusion, is applicable if (1) the issue decided in the prior case was identical, (2) the prior adjudication resulted in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the prior adjudication, and (4) the party sought to be estopped had a full and clear opportunity to litigate the issue in the prior suit. *Patterson v. Null*, 751 S.W.2d 381, 386 (Mo.App.1988) (citing *Hudson v. Carr*, 668 S.W.2d 68, 70 (Mo. banc 1984). *See also Oates v. Safeco Ins. Co.*, 583 S.W.2d 713, 719 (Mo.banc 1979).

■ In entering its order quashing the execution, the trial court did not make findings of fact and conclusions of law. Thus we assume the trial court acted for one or more of the grounds asserted in the motion to quash, *State ex inf. Riederer v. Collins*, 799 S.W.2d 644, 647[4] (Mo.App.1990), and we deem all issues presented by the motion to quash to have been found in accordance with the order. Rule 73.01(a)(2); *Telge v. Telge*, 677 S.W.2d 403, 405[1] (Mo.App. 1984); *Cole v. Cole*, 516 S.W.2d 518, 520[3] (Mo.App.1974). Among the issues presented by the appellants' motion to quash and

**4.** Appellants suggest two standards of review, claiming the trial court ruling was "an abuse of discretion and was contrary to existing law...." We *see* no applicability of an "abuse of discre-tion" standard of review to this case; we believe the appellants' application for an order showing satisfaction presented the trial court with questions of law.

Helton's response to that motion was whether the appellants had defaulted in making the August 1989 payment and, if so, whether the default was excused on equitable grounds. Under the authority of Rule 73.01(a)(2) and the above cited cases, we deem the issue of default to have been found in favor of the appellants. The identical issue—an August 1989 default—was before the court when it considered the appellants' application for an order of satisfaction.

The three remaining requirements for collateral estoppel also are satisfied. The order quashing the execution was a final and complete disposition of the subject matter of the motion. *See Carrow,* 294 S.W.2d at 597[1, 2]. Helton was a party to the prior adjudication. And Helton had a full and clear opportunity to litigate the default issue at the hearing on the motion to quash. With the default issue resolved favorably to the appellants, they were entitled to an order showing satisfaction of the judgment as a matter of law.

■ We need not consider whether the order quashing the execution was erroneous. Even if the order were erroneous, it has the same effect as to issue and claim preclusion as a correct one. *St. Bethel Missionary Baptist Church v. St. Louis Builders, Inc.,* 388 S.W.2d 776, 780 (Mo. 1965). Helton did not appeal the order quashing the execution, although the order was appealable.

Helton argues that the ruling on the motion to quash the execution did not decide the question of what total sum was due on December 1, 1989. This argument ignores the unambiguous language of the consent judgment which provided that, absent a default, the total sum due on December 1, 1989, was to be $171,596.57 plus accrued interest. The appellants tendered this sum to Helton and were entitled to satisfaction of the judgment.

■ Helton makes its own collateral estoppel argument in support of affirmance. Helton points out that the order dismissing Case No. CV189–440CC, the lawsuit brought separately by Walters, became final before the order quashing the execution became final. Citing *Drake v. Kansas City Public Service Co.,* 226 Mo.App. 365, 41 S.W.2d 1066 (Mo.App.1931), Helton now contends that "if any prior ruling of the trial court was res judicata on the issues now on appeal, it was the final judgment in the companion case … CV189–440CC … which judgment was adverse to appellants' arguments herein."

Walters did not file a motion for a new trial in Case No. CV189–440CC; hence, the order of dismissal in that case became final, "[f]or the purpose of ascertaining the time within which an appeal may be taken," 30 days after the order was entered on September 12, 1989. Rule 81.05(a). The date the order quashing the execution became final was extended to a date 90 days after Helton filed its motion for new trial by operation of Rule 81.05(a) and, therefore, it did not become a final order until December 26, 1989, when Helton's new trial motion was denied by operation of Rule 78.06. Thus Helton is correct in stating that the order in case CV189–440CC became final, for the purpose of the time limitations for bringing an appeal, before the order quashing the execution became final; however, Helton's collateral estoppel argument is incorrect.

In its motion to dismiss Case No. CV189–440CC, Helton contended that Walters had not exhausted all his legal remedies because he had not filed the appropriate proceedings to stay or quash execution; that Walters was not the real party in interest because both Walters and Kroenke were the statutory trustees for High Point, a corporation in default, and it was mandatory that all statutory trustees join in any litigation concerning the defaulted corporation; and that Walters had improperly sought legal and equitable relief in the same count of his petition. In sustaining Helton's motion to dismiss Walters's separate lawsuit, the trial court did not state its reasons. We presume the dismissal was on one or more of the grounds specified in Helton's motion. *Terre Du Lac Ass'n v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 211[3] (Mo.App.1987). No ground stated in Helton's motion was identical to that presented

in the present action, i.e., whether there had been a default by the appellants or, if so, whether the default was excused. Because the prior action did not involve an identical issue, there can be no collateral estoppel.

The dismissal of Walters's lawsuit has no collateral estoppel effect for another reason: it did not result in a judgment on the merits. Assuming, without deciding, the dismissal was with prejudice, Rule 67.03 would operate only to prevent the same cause of action or claim from being brought against Helton [5]. There is no issue preclusion effect. *In re Estate of Danforth,* 705 S.W.2d 609, 611 (Mo.App. 1986) (citing *Denny v. Mathieu,* 452 S.W.2d 114, 118–19 (Mo.banc 1970) and *Peoples–Home Life Ins. Co. v. Haake,* 604 S.W.2d 1, 8–9 (Mo.App.1980)).

The judgment denying the appellants' application for an order showing satisfaction of the consent judgment is reversed and the cause is remanded with directions that the trial court enter its order satisfying the judgment pursuant to Rule 74.11(c).

MAUS and MONTGOMERY, JJ., concur.

### OPINION ON MOTION FOR REHEARING OR TRANSFER

PER CURIAM.

Pursuant to Rules 84.17 and 83.02, Helton requests we rehear this appeal or transfer it to the Missouri Supreme Court. In support of its motion, Helton contends we erred in (1) our conclusion that by quashing the execution, the trial court "resolved the default issue when in fact the motion to quash execution did not present the issue of whether there had been a default...." and (2) in looking "to the grounds for dismissal in [Helton's] motion

to dismiss [Case No. CV189–440CC] to determine what was at issue instead of looking to the petition as the law requires.... [T]he dismissal of the petition, with prejudice, precluded a later determination of the same cause of action...."

We consider Helton's assertions of errors in our opinion in the order presented above.

In its suggestions in support of its motion, Helton, pointing to the ten grounds for relief set out in the appellants' motion to quash execution, contends, "None of the ten suggested the absence of a default. Instead, the grounds presumed that a default had occurred and suggested alternative grounds for relief from the default, such as estoppel, waiver, improper notice, among others."

Helton raises an issue of no significance. When the trial court quashed the execution, it did so either because it believed there had been no default or because it believed default had occurred but was excused. The amount of money the appellants owed Helton under the consent judgment would be the same if no default occurred in August 1989 or if there was a default that was excused.

Our second error, Helton asserts, resulted from our reliance on *Terre Du Lac,* 737 S.W.2d 206, which Helton contends is "not in point" because it involved a direct appeal from the granting of a motion to dismiss, whereas this case does not involve appellate review of the grounds for dismissal. Helton does not expound on the significance of the distinction it has identified, and we see none. The motion for dismissal framed the issues before the trial court; a subsequent appeal or lack of appeal does not change that. We believe the principle stated in *Terre Du Lac* and elsewhere [6] is equally applicable where, as here, an appeal concerns the grounds for a dismissal

---

5. Rule 67.03 provides, in pertinent part:
   A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party.

6. *See also Major Lumber Co. v. G & B Remodeling, Inc.,* 817 S.W.2d 474, 476[2] (Mo.App.1991); *Lipton Realty, Inc. v. St. Louis Housing Authority,* 705 S.W.2d 565, 568[2] (Mo.App.1986); *Johnson v. Great Heritage Life Ins. Co.,* 490 S.W.2d 686, 690[8] (Mo.App.1973).

even though the dismissal itself is not appealed.

The balance of Helton's argument concerning its second allegation of error in the opinion is based on the assumption that the dismissal of Case No. CV189–440CC was with prejudice. In its brief, Helton raised the matter of issue preclusion and we concluded the dismissal of CV189–440CC, which we hypothesized to be with prejudice, had no issue preclusion effect because it was not a judgment on the merits. Helton now argues that the other branch of the *res judicata* family—claim preclusion—operates as a result of the dismissal of Case No. CV189–440CC.

Rule 67.03, quoted in part *supra* note 5, concludes with this third sentence:

> Any voluntary dismissal other than one which the party is entitled to take without prejudice, and any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

Grounds asserted by Helton in its motion to dismiss Case No. CV189–440CC raised the issue of trial court jurisdiction[7]. Helton challenged the jurisdiction of the court to grant equitable relief because Walters had not yet exhausted all legal remedies[8], and it asserted that the failure to join Kroenke, the other statutory trustee, was "mandatory to constitute the real party in interest to bring this action."[9]

Helton's motion to dismiss Case No. CV189–440CC raised issues that caused the dismissal to be covered by an exception stated in Rule 67.03 to the general rule that an involuntary dismissal is with prejudice unless otherwise specified. Because the

dismissal was without prejudice, it had no claim preclusion effect.

Helton's motion for rehearing or transfer is denied.

---

7. The legal file contains only Helton's motion to dismiss; it does not contain the memorandum Helton filed in support of its motion. Thus, we do not know what authority Helton cited in support of its asserted grounds for dismissal.

8. *See, e.g., Blue Cross Health Services v. Sauer,* 800 S.W.2d 72, 76[12] (Mo.App.1990).

9. All statutory trustees must be joined in a suit pursued by a corporation which has forfeited its

charter, or adequate reasons must be given to explain their absence. *Integrity Ins. Co. v. Tom Martin Const. Co.,* 765 S.W.2d 679, 681–83[1] (Mo.App.1989); *Erb v. Johannes,* 684 S.W.2d 445, 447[4] (Mo.App.1984). Failure to join an indispensable party is jurisdictional. *Vanderson v. Vanderson,* 668 S.W.2d 167, 169[1] (Mo.App.1984).