**AIR EVAC EMS, INC., Respondent,**

v.

**MISSOURI STATE BOARD OF
HEALTH, et al., Appellants.**

**No. WD 49928.**

Missouri Court of Appeals,
Western District.

March 7, 1995.

As Modified on the Court's Own
Motion May 2, 1995.

Respondent's Motion to Modify Opinion
Denied May 2, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson
City, for appellants.

George Alex Bartlett, Jefferson City, for
respondent.

Before FENNER, C.J., P.J., and
LOWENSTEIN and BERREY, JJ.

FENNER, Chief Judge.

Respondent, Air Evac EMS, Inc. ("Air Evac") is a licensed provider of air ambulance services in the State of Missouri. The appellants, the Missouri State Board of Health, the Missouri Department of Health, Bureau of Emergency Medical Services, and Kenneth E. Cole, Jr., Director of the Bureau of Emergency Medical Services (hereinafter collectively referred to as "the Board") are designated to administer the provisions of the Ambulance Licensing Law §§ 190.093—190.190, RSMo Cum.Supp.1993 [1].

Med–Trauma–Rescue, Inc., a competitor of Air Evac, applied to the Board for a Certificate of Convenience and Necessity and a license to operate an air ambulance service to be located in Houston, Texas County, Missouri. Air Evac already possessed licenses for operating air ambulances within this area. At the request of Med–Trauma–Rescue, the Board set a hearing on the matter for September 2, 1993.

Air Evac filed a Petition in Prohibition on September 1, 1993 in the Circuit Court of Cole County seeking a preliminary and absolute writ of prohibition which would prohibit the Board from holding the September 2nd hearing. In its petition, Air Evac alleged that the Board had not adopted rules and regulations setting the standards and criteria upon which the Board could make a determination on the issuance of a Certificate of Convenience and Necessity. Air Evac's petition also alleged that the Board's holding a hearing without these regulations denied Air Evac due process of law under both the Missouri and United States Constitutions. Air Evac further alleged that the Board's holding a hearing without standards and criteria prevented Air Evac and others from knowing the nature of the evidence they might introduce at the hearing.

The Circuit Court of Cole County issued a Preliminary Order in Prohibition on September 1, 1993 in which it ordered the Board to refrain from all action in the matter relating to Med–Trauma–Rescue's application, pending further order of the court. After the Preliminary Order in Prohibition was extended by agreement of the parties, the Cole County Circuit Court issued its Permanent Order in Prohibition on December 27, 1993, which stated:

Upon the First Amended Petition in Prohibition, for good cause shown, and the Court being fully advised in the premises, it is ORDERED, ADJUDGED, AND DECREED that [the Board is] hereby:

1. Prohibited from holding a hearing on September 2, 1993, or at any time thereafter on the application of Med–Trauma–Rescue, Inc. until Respondents have promulgated and adopted by final order of rulemaking regulations which set forth the criteria and standards which will be utilized to determine whether to issue a certificate of public convenience and necessity for a new air ambulance service in the proposed area and those regulations are effective; and

2. Prohibited from holding any hearing on any application for an air ambulance during the pendency of these proceedings and until regulations which set out criteria and standards which will be utilized by Respondents to determine whether to issue certificates of convenience and necessity for new air ambulance services shall have been promulgated by final order of rulemaking and those regulations become effective.

On February 28, 1994, the Board promulgated Form 580–1883, the Public Convenience and Necessity Hearing Application, in the Code of State Regulations as a part of 19 CSR 30–40.070. This application purports to set forth the standards and criteria to be applied by the Board in determining whether to issue Certificates of Public Convenience and Necessity for new air ambulance services. Then, on May 16, 1994, the Board promulgated an emergency rule set forth in 19 CSR 30–40.070 requiring any party applying for a certificate to file a Form 580–1883.[2]

---

1. Unless otherwise indicated, all statutory references are to RSMo 1986.

2. Particularly, the emergency rule set forth in 19 CSR 30–40.070 states:

(5) Informal Procedures are Authorized for a Full Hearing.

(E) Before the Department of Health may schedule a full hearing as provided for by

On May 31, 1994, the Board filed a Motion to Quash the Permanent Writ of Prohibition. In its motion, the Board asserted that the writ of prohibition should be quashed due to the promulgation of the form and emergency rule. The circuit court denied the Board's motion on July 6, 1994 on the basis of lack of jurisdiction. The Board filed a Notice of Appeal from that ruling on August 12, 1994.

The circuit court's Permanent Order in Prohibition was entered on December 27, 1993. Rule 81.05(a) provides that a judgment becomes final at the expiration of thirty days after the entry of the judgment if no timely motion for a new trial is filed. Under § 530.080, final judgments in prohibition are reviewable by a motion for a new trial and by appeal as in other civil actions. Therefore, since the Board did not file a motion for new trial, the Permanent Order in Prohibition became a final judgment thirty days after it was entered, January 26, 1994. Rule 81.04(a) requires the filing of a Notice of Appeal within ten days after the judgment or order appealed from becomes final. The tenth day, February 4, 1994, fell on a Saturday. Consequently, the final day the Board could file its Notice of Appeal was February 7, 1994. Rule 44.01(a). The Board filed its Notice of Appeal on August 12, 1994, more than six months after the deadline.[3]

The Board contends the circuit court's July 6, 1994 denial of the Motion to Quash was a "special order after final judgment in the cause" which is appealable under § 512.020. "A 'special order after final judgment in the cause' is an order in a special proceeding that attacks or aids the enforcement of the judgment." *White River Dev. v. Meco Sys.*, 837 S.W.2d 327, 331 (Mo.App.1992) (citation omitted). The Board's argument is that the Motion to Quash was a special proceeding attacking the necessity of continuing with the enforcement of the writ. We disagree. The Permanent Order in Prohibition is *conditional*. The writ prevents the Board from holding hearings on applications for air ambulances until certain regulations are passed. The Board claims to have passed such regulations. Therefore, it can now hold the hearings. The Board did not need to file a Motion to Quash the Permanent Writ of Prohibition: the writ stays in place and the Board can hold its hearings.[4]

Even so, the Board contends it is "inconceivable how the Circuit Court would fail to have jurisdiction to remove a permanent writ of prohibition which it originally placed on [the Board]" while it would have jurisdiction to find the Board in contempt if it had violated the writ. It claims "it defies logic that the court does not have jurisdiction to relieve [the Board] of the restriction of the writ once they have attempted to comply with it" and to "hold otherwise would result in the court entering a writ of prohibition against [the Board] that would exist into infinity irrespective of their level of compliance with the writ." Again, if the Board has in fact promulgated the regulations required by the writ, it has satisfied the condition and may hold the hearings. Any restrictions placed by the writ no longer exist. Thus, it does not matter that the writ would exist "into infinity." We conclude that the circuit court's denial of the Board's Motion to Quash Permanent Writ of Prohibition was not an attack on enforcement of the writ and therefore was not a "special order after final judgment in the cause."[5]

As a result, the last judgment to which the Board could appeal to this court is the December 27, 1992 Permanent Order in Prohi-

section (5) of this rule, the applicant shall file form 580–1883 (1/94) with the Department of Health, to inform the department and other affected entities of the issues and criteria that may be relevant to the full hearing.

3. The Board did not file a motion seeking permission to file a late appeal under Rule 81.07(a) or 44.01(b).

4. This should not be understood to say that the regulations are necessarily sufficient and valid. It is merely to say that regulations have been enacted, which regulations may be subject to attack in subsequent proceedings.

5. The cases cited by the Board to support its argument that the Motion to Quash was a "special order after final judgment in the cause" are dissimilar to the case at bar. Further, *Helton Const. v. High Point Shopping Ctr.*, 838 S.W.2d 87, 91–92 (Mo.App.1992) lists examples of "special orders after final judgment." A Motion to Quash Permanent Writ of Prohibition is not the type of order listed.

bition. This appeal, therefore, is not timely under Rule 81.04(a) and we do not have jurisdiction to decide whether the circuit court's denial of the Board's Motion to Quash was proper. *In re Marriage of Short,* 847 S.W.2d 158, 161 (Mo.App.1993) ("If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal.").

Appeal dismissed.

All concur.